Per D. Jansen, WSBA #49966
Nohl C. Speck, WSBA #56889
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
1201 Third Avenue, Suite 5150
Seattle, WA 98101
Telephone:  206-693-7057
Facsimile:   206-693-7058
Email:  per.jansen@ogletree.com
        nohl.speck@ogletree.com

*Attorneys for Defendant Tyson Foods, Inc.*

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON**

BARBARA CHAUDHARY,

    Plaintiff,

    vs.

TYSON FOODS, INC., a foreign for profit corporation; DAVID TOBIAS,

    Defendants.

Case No.:  _____

**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON**

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

    **PLEASE TAKE NOTICE** that Defendant Tyson Foods, Inc. ("Tyson"), by and through its undersigned counsel, hereby removes this action from the Superior Court for the State of Washington, County of Benton, to the United States District

TYSON FOODS, INC.'S NOTICE
OF REMOVAL - 1

Court for the Eastern District of Washington, pursuant to 28 U.S.C. §§ 1441 & 1446. This Court possesses original subject matter jurisdiction over this action under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 (exclusive of interest and costs), because complete diversity jurisdiction exists between Plaintiff Barbara Chaudhary ("Plaintiff") and Tyson, and because the Court should disregard as fraudulently joined the presence of defendant David Tobias ("Tobias") for purposes of assessing the parties' citizenship.

## I. SUMMARY OF COMPLAINT AND RELEVANT PROCEDURAL HISTORY

1. On January 16, 2026, Plaintiff filed a civil action in the Superior Court for the State of Washington, County of Benton, entitled *Barbara Chaudhary v. Tyson Foods, Inc., et al.*, Case No. 26-2-00150-03. Through her initial Complaint, Plaintiff asserts claims against Tyson, her alleged former employer,[1] as well as David Tobias, an HR Manager. More specifically, Plaintiff brings the following claims for relief against Defendants: (1) Age and gender discrimination under the Washington Law Against Discrimination ("WLAD"), RCW 46.60, *et seq.*, (2) Retaliation under the

---

[1] Defendant avers that Plaintiff was employed by Tyson Fresh Meats, Inc., and not Defendant. Defendant reserves all rights to contest whether it is the appropriate party at issue and its improper joinder.

TYSON FOODS, INC.'S
NOTICE OF REMOVAL - 2

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone:  206-693-7057 | Fax: 206-693-7058

WLAD, (3) Wrongful Termination in Violation of Public Policy, (4) Breach of Implied and Express Contract, and (5) Promissory Estoppel / Reliance. A true and correct copy of Plaintiff's Complaint dated January 16, 2026 is attached as **Exhibit A** hereto and to the Declaration of Per D. Jansen as Exhibit A. Plaintiff has since amended her Complaint. The First Amended Complaint, dated March 6, 2026, (the "FAC") is attached as **Exhibit B** hereto and to the Declaration of Per D. Jansen as Exhibit G.

2.     Defendant accepted service of the First Amended Complaint on March 2, 2026.

3.     Since the filing of Plaintiff's Complaint and FAC, no significant proceedings have taken place in Benton County Superior Court. In addition to the Complaint and FAC, Plaintiff filed a Summons on January 16, 2026 (attached to the Declaration of Per D. Jansen as Exhibit B). For its part, the Benton County Superior Court issued a Case Information Cover Sheet and Area Designation on January 16, 2026 (attached to the Declaration of Per D. Jansen as Exhibit C) and an Order Setting Case Schedule on or around January 16, 2026 (attached to the Declaration of Per D. Jansen as Exhibit D). David Tobias entered an appearance on February 11, 2026, attached to the Declaration of Per D. Jansen as Exhibit E. Tyson entered an appearance on February 16, 2026, attached to the Declaration of Per D. Jansen as Exhibit F. A First Amended Complaint was filed on March 6, 2026. A substitution of counsel was filed

TYSON FOODS, INC.'S
NOTICE OF REMOVAL - 3

for Tobias on March 23, 2026, attached to the Declaration of Per D. Jansen as Exhibit H. **Exhibits A-H** to the Declaration of Per D. Jansen constitute all of the process, pleadings and orders either served upon Defendants or filed by any party in this action. No further proceedings have been had in the state court as of the date of Defendant's Notice of Removal. *See* 28 U.S.C. § 1446(a).

## II.    VENUE

4.    As noted, this case was originally filed in the Superior Court for the State of Washington, Benton County, which makes venue proper in the U.S. District Court for the Eastern District of Washington. *See* 28 U.S.C. § 128(b), 1441(a).

## III.    TIMELINESS OF REMOVAL

5.    This removal is timely because Tyson accepted service on March 2, 2026. *See* Jansen Declaration ¶ 11. *See* 28 U.S.C. §§ 1446(b) & 1453; *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that 30-day removal period begins to run upon service of the summons and complaint). Under the last-served rule, Tyson has thirty days to effect removal after it has been served, regardless of when other defendants are served. *See Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011).

## IV.    THE COURT HAS ORIGINAL SUBJECT-MATTER JURISDICTION

6.    "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

TYSON FOODS, INC.'S
NOTICE OF REMOVAL - 4

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone:  206-693-7057 | Fax: 206-693-7058

defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Accordingly, in evaluating whether removal is proper, the Court must determine whether it possesses original jurisdiction over an action. Under 28 U.S.C. § 1331, "district courts … have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332(a)(1). The jurisdictional basis is met here.

### A. The Court Has Diversity Jurisdiction Under 28 U.S.C. § 1332(a).

7.     First, the Court has diversity jurisdiction over this action because the amount placed in controversy by Plaintiff's claims exceeds $75,000, exclusive of interest and costs, and because Plaintiff and Tyson are citizens of different states, 28 U.S.C. 1332(a)(1); the Court should otherwise disregard the citizenship of Tobias as a "sham defendant," fraudulently joined in an effort to defeat federal jurisdiction over this action.[2]

---

[2] "Fraudulent joinder can exist even where the plaintiff has no fraudulent intent, and fraudulent joinder does not necessarily reflect on the integrity of plaintiff or plaintiff's counsel." *Sanchez v. Diaz*, No. CV-12-3031-RMP, 2012 U.S. Dist. LEXIS 113786, at *24 (E.D. Wash. Aug. 10, 2012) (internal quotations omitted).

TYSON FOODS, INC.'S
NOTICE OF REMOVAL - 5

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone:  206-693-7057 | Fax: 206-693-7058

### i.    Plaintiff and Tyson are Diverse.

8.    "For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed." *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Evidence of continuing residence creates a presumption of domicile. *See, e.g., Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011).

9.    Applying these principles, Plaintiff was (at the time of commencement of this action) and remains a resident and citizen of the State of Washington. The FAC makes clear that Plaintiff resides in Benton County, Washington, FAC ¶ 1, and Tyson's records confirm that, from the beginning of Plaintiff's employment with Tyson in approximately 2010, through her alleged constructive termination in 2013, and then later, from January 6, 2025 until her separation date on or about June 27, 2025, Plaintiff resided in the State of Washington.

10.    For its part, Tyson's citizenship is determined by both the State in which it is incorporated, and the State where Tyson has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). The U.S. Supreme Court has confirmed that the "phrase 'principal place of business' in 28 U.S.C. § 1332(c)(1) refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities"—*i.e.*, the

TYSON FOODS, INC.'S
NOTICE OF REMOVAL - 6

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone:  206-693-7057 | Fax: 206-693-7058

"nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). This location is typically "the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination. *Id.*; *see also Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1230 n.2 (9th Cir. 2011); *Safeco Ins. Co. of Am. v. Woods*, 2013 WL 316184, at *3-4 (W.D. Was. Jan. 28, 2013) (applying *Hertz* and concluding that Safeco's "principal place of business" was its new headquarters in Boston, Massachusetts, *i.e.*, its "nerve center").

11.     Under these principles, Tyson is a citizen of the States of Delaware and Arkansas. Tyson is incorporated in the State of Delaware, and Tyson's "principal place of business" is at its corporate headquarters in Springdale, Arkansas, where its corporate officers and executives "direct, control, and coordinate" Tyson's activities.

12.     Accordingly, Plaintiff and Tyson are completely diverse for purposes of 28 U.S.C. § 1332(a).

### ii.     The Court Should Disregard the Citizenship of Defendant Tobias as a "Sham Defendant."

13.     As the Ninth Circuit has explained, "[i]t is commonplace that fraudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318–19 (9th Cir. 1998) (citing *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 & n.1 (9th Cir. 1988), and *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). "Fraudulent joinder is a term of art. If the

TYSON FOODS, INC.'S
NOTICE OF REMOVAL - 7

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone:  206-693-7057 | Fax: 206-693-7058

plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Id.* (quoting *McCabe*, 811 F.2d at 1339).[3] Importantly, "[t]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *Id.* (quoting *McCabe*, 811 F.2d at 1339).

14.    Applying these principles here, Tobias is fraudulently joined as a defendant in this action, and his citizenship should therefore be disregarded for purposes of evaluating whether removal is proper under Section 1332(a).

15.    Based on a generous reading of the First Amended Complaint (which does not explicitly identify which causes of action are asserted against which defendants), Plaintiff appears to assert claims against Tobias for: (1) Age and gender Discrimination under the Washington Law Against Discrimination ("WLAD"), RCW

---

[3] Joinder may also be deemed fraudulent "if the court finds that the plaintiff has 'no real intention in good faith to prosecute the action against that defendant or seek a joint judgment.'" *Deshong v. Extendicare Homes, Inc.*, 2009 WL 1764516, at *2 (E.D. Wash. June 19, 2009) (quoting *Goldberg v. CPC Int'l, Inc.*, 495 F. Supp. 233, 239 (N.D. Cal. 1980)). That is the case here, as Plaintiff's FAC alleges few substantive allegations against Tobias.

TYSON FOODS, INC.'S
NOTICE OF REMOVAL - 8

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone:  206-693-7057 | Fax: 206-693-7058

46.60, *et seq.* and (2) Retaliation under the WLAD. *See generally* FAC. However, Plaintiff fails to state a viable cause of action against Tobias under any of these theories. Plaintiff sets forth minimal allegations against Tobias which allegedly stem from Plaintiff's prior employment nearly 10 years prior or have insufficient detail to meet the Rule 8 pleading standards.

16.    In the first instance, all claims against Tobias fail because few allegations are pled against him, none of which have sufficient detail. *See generally* FAC. For example, Plaintiff claims Tobias "aided and abetted and/or contributed to discrimination, retaliation, and hostile work environment," FAC ¶ 20, without more. Plaintiff further states Tobias made "age-based comments" and "failed to act [on her complaints]" *Id.* Such blanket statements do not meet the plausibility standard set out in *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). Further, some of Plaintiff's allegations are aimed at an undifferentiated, vague mass of "Defendants," and most allegations cite Defendant Tyson in particular. "Court[s] have … found impermissible shotgun pleadings present in complaints alleging 'everyone did everything' because such allegations prevent defendants from understanding the nature of the claims asserted against each of them." *Shumlich v. U.S. Bank, N.A.*, No. 2:24-CV-01681-MJP, 2025 WL 19871, at *2 (W.D. Wash. Jan. 2, 2025). With no allegation of any cognizable conduct against Tobias, Defendants cannot fully discern what happened and have not

TYSON FOODS, INC.'S
NOTICE OF REMOVAL - 9

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone:  206-693-7057 | Fax: 206-693-7058

received "adequate notice of the allegations supporting each cause of action." *Watt v. HAL Antillen N.V.*, No. 2:24-CV-00155-RSL, 2024 WL 4436966, at *2 (W.D. Wash. Oct. 7, 2024).

17. All claims against Tobias fail for this reason. But for the below reasons, Plaintiff has failed to state any particular claim against Tobias as an individual as well.

18. *Gender and Age Discrimination.* Plaintiff asserts a gender-based discrimination claim under the WLAD against Tobias. WLAD discrimination claims are evaluated under the three-part *McDonnell-Douglas* burden-shifting analysis, which first requires a plaintiff to establish a *prima facie* case of discrimination by demonstrating: "(1) he is a member of a protected class, (2) he was qualified for the position (i.e., satisfactorily performing his job), (3) he suffered an adverse employment action, and (4) similarly situated employees outside the protected class were treated more favorably, or other circumstances surrounding the adverse action that give rise to an inference of discrimination." *Gamble v. Pac. Nw. Reg'l Council of Carpenters*, No. C14-455 RSM, 2015 WL 3442561, at *2-3 (W.D. Wash. May 28, 2015) (citing *Peterson v. Hewlett- Packard Co.*, 358 F.3 599, 603 (9th Cir. 2004), and *Chen v. State of Wash.*, 86 Wn. App. 183, 189 (1997)). Here, even assuming Plaintiff sets forth sufficient allegations to satisfy the first three elements, the Complaint does not contain any plausible factual allegations to suggest that male employees were treated more

TYSON FOODS, INC.'S
NOTICE OF REMOVAL - 10

favorably, or any other allegations suggestive of gender-based discrimination. Further, the FAC does not contain any detail on Tobias' age-based comments toward Plaintiff—only conclusory, vague, non-actionable allegations. The notion that her termination was discriminatory is entirely conclusory and fails to satisfy Rule 8's pleading standards. *See, e.g.*, *Gamble*, 2015 WL 3442561, at *2-3 (dismissing WLAD discrimination claim where the complaint failed to plead the existence of a valid comparator or any other direct or circumstantial evidence of discriminatory intent).

19.    Insofar as Plaintiff pursues a separate gender-discrimination claim against Tobias—who was Tyson's HR Manager during her employment, not Plaintiff's supervisor—such claim is also subject to dismissal on the basis that Plaintiff does not sufficiently allege that Tobias advocated for or sought a decision to terminate her employment or in any other adverse employment action—only that he participated in the decision. An individual must commit a "discriminatory act[]" to be held liable under the WLAD. *Ellorin v. Applied Finishing, Inc.*, 996 F. Supp. 2d 1070, 1080 (W.D. Wash. 2014). The vague allegation that he had some involvement in the process is insufficient to state a claim. Further, there is no specific, actual discriminatory act pled against Tobias except vague suggestions of "age-related comments," which fail to state a claim and are non-actionable. *Kirby v. Tacoma*, 124 Wn. App. 454, 467 n.10, 98 P.3d 827 (2004).

TYSON FOODS, INC.'S
NOTICE OF REMOVAL - 11

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

20.     Further, Tobias was not plaintiff's manager or supervisor. To be held personally liable under the WLAD, an individual defendant must generally have been "a supervisor" acting "in the interest of the employer" in carrying out the challenged conduct. *See Jenkins v. Palmer*, 116 Wn. App. 671, 675 (2003) (finding no liability as to coworker because there was no allegation that he "was acting in the interest of [the employer] in any way when he allegedly sexually harassed or discriminated against" the plaintiff). Here, Plaintiff does not (and cannot) show that Tobias is subject to personal liability under the WLAD because he was not Plaintiff's supervisor; nor has she shown facts that suggest any conduct by Tobias was in Tyson's interest (namely because she has identified no specific conduct that Tobias committed).

21.     *Retaliation.* Plaintiff's retaliation claim under the WLAD fails as a matter of law against Tobias because she cannot demonstrate the requisite causal link between her termination and her claimed protected activity. To establish a *prima facie* case of retaliation under the WLAD, a plaintiff must demonstrate that: (1) "[]he engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between [her] activity and the employment decision." *Stegall v. Citadel Broad. Co.,* 350 F.3d 1061, 1065 (9th Cir. 2003). Here, Plaintiff falls short because she does not set forth adequately pled facts aside from general statements that Tobias "participated and/or contributed to the decision to place Plaintiff in administrative

TYSON FOODS, INC.'S
NOTICE OF REMOVAL - 12

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone:  206-693-7057 | Fax: 206-693-7058

leave, investigate her, and terminate her." These allegations are insufficient to plausibly show that Tobias sought termination, was a decisionmaker, or was motivated by retaliatory intent. Plaintiff does not (and cannot) allege sufficient detail that Tobias played any role in Tyson's decision to terminate her employment. Tobias had no such role.

22.    Nor does Plaintiff submit sufficient allegations to show a causal link between alleged protected activity and a decision from Tobias to terminate her employment. Plaintiff's FAC alleges Tobias "referenced Plaintiff's prior discrimination complaint from her earlier employment (2010-2013) and communicated…that he remembered it and had not forgotten that she had complained against him …." FAC ¶ 14. These alleged prior statements are outside of the three-year statute of limitations for Plaintiff's WLAD claims, *Adler v. Fred Lind Manor*, 153 Wn.2d 331, 355, 103 P.3d 773 (2004), and occurred prior to Plaintiff's new purported protected activity. These alleged statements do not constitute an adverse employment action, lack insufficient factual detail to establish any actionable misconduct, and are not retaliatory as a matter of law.

23.    *Termination in Violation of Public Policy.* Plaintiff's public-policy claim fails because Washington law does not recognize such a claim against coworkers— only "employers." *See Page v. Clark Cnty. Fire Dist. 6*, No. 3:23-CV-05849-DGE,

TYSON FOODS, INC.'S
NOTICE OF REMOVAL - 13

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone:  206-693-7057 | Fax: 206-693-7058

2024 WL 4665458, at *5 (W.D. Wash. Nov. 4, 2024). Even if such a claim could lie, Plaintiff fails to allege sufficient details that Tobias was responsible for any decision to terminate her employment. He was not.

24.    *Breach of Contract*. Plaintiff makes no allegations that Tobias entered into a contract with her, or breached it. The Complaint language setting forth the cause itself mentions only Defendant Tyson. *See* FAC ¶¶ 37-40 (naming only Tyson in alleging that Tyson breached a contract).

25.    *Promissory Estoppel/Reliance.* As with every other claim, Tobias had no involvement with the conduct Plaintiff alleges, and Plaintiff's Complaint reflects this reality; she has pled no factual allegations against Tobias sufficient to show liability for promissory estoppel. The elements of promissory estoppel are "(1) [a] promise which (2) the promisor should reasonably expect to cause the promisee to change his position and (3) which does cause the promisee to change his position (4) justifiably relying upon the promise, in such a manner that (5) injustice can be avoided only by enforcement of the promise." *Clipse v. Com. Driver Servs., Inc.*, 189 Wn. App. 776, 796, 358 P.3d 464, 474 (2015).

26.    A "decision to sign an at-will employment agreement" negates a promissory estoppel claim as a matter of law. *Peebles v. Rodland Toyota, Inc.*, 143 Wash. App. 1059 (2008) (unpublished). Here, Plaintiff's offer letter expressly states

TYSON FOODS, INC.'S
NOTICE OF REMOVAL - 14

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone:  206-693-7057 | Fax: 206-693-7058

her employment is "at will." *See also Keenan v. Allan*, 889 F. Supp. 1320, 1384 (E.D. Wash. 1995), *aff'd,* 91 F.3d 1275 (9th Cir. 1996) (rejecting claim where only proffered oral statements and no written employment contract failed to show a clear and definite promise to contradict "at will" presumption).

27.     Further, a plaintiff must show specific facts against an individual to sustain a claim for promissory estoppel against them. *See Keenan*, 889 F. Supp. at 1384 (dismissing promissory estoppel claim against individual defendants where plaintiffs did "not present any facts supporting this claim as against" them). Here, Plaintiff has alleged no facts supporting that Tobias made any promises, induced any reliance, or had any involvement in efforts to recruit her.

28.     Tobias had no role to play in recruiting Plaintiff. He made no promise to her, had no say in her employment agreement or offer letter, and made no representations about the forthcoming nature of Plaintiff's employment. Nor does Plaintiff submit facts to show Tobias have been authorized to make such a promise. *See Becker v. Wash. St. Univ.*, 165 Wn. App. 235, 249, 266 P.3d 893 (2011) ("The promise must be made by someone who is authorized to fulfill the terms of the promise.").

29.     In sum, because Plaintiff fails to state a viable cause of action against Tobias under "the settled rules of the state," he is fraudulently joined and should be

TYSON FOODS, INC.'S
NOTICE OF REMOVAL - 15

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

disregarded as a "sham defendant" for purposes of evaluating diversity jurisdiction. *Ritchey*, 139 F.3d at 1318-19 (affirming fraudulent joinder ruling where claims against resident defendants were barred on the statute of limitations); *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 761-62 (9th Cir. 2002) (similar); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067–68 (9th Cir. 2001) (similar); *Ho v. State Farm Ins. Co.*, 117 F.3d 1425 (9th Cir. 1997) (similar); *Sanchez v. Diaz*, 2012 WL 3308954, at *9 (E.D. Wash. Aug. 13, 2012) (denying remand after finding resident defendant was fraudulently joined); *Abear v. Teveliet*, 2006 WL 3813560, at *3 (W.D. Wash. Dec. 21, 2006) (similar).

### iii.    The Amount in Controversy Exceeds $75,000.

1.    Federal district courts have original jurisdiction of civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the potential recovery on the claims exceeds $75,000, exclusive of interest and costs. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

2.    Where, as here, a plaintiff does not plead the amount of damages she seeks, the Court must look beyond the Complaint to determine whether the lawsuit meets the jurisdictional requirement. *Lowdermilk v. U.S. Bank, N.A.*, 479 F.3d 994, 998, n.4 (9th Cir. 2007) (superseded on other grounds); *Abrego Abrego v. The Dow*

TYSON FOODS, INC.'S
NOTICE OF REMOVAL - 16

*Chemical Co.*, 443 F.3d 676, 690 (9th Cir. 2006). In such cases, a removing defendant must prove by a preponderance of the evidence that the amount-in-controversy requirement has been met. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014); *Abrego Abrego*, 443 F.3d at 683. "Under this burden, the defendant must provide evidence that it is more likely than not that the amount in controversy satisfies the federal diversity jurisdictional amount requirement." *Sanchez*, 102 F.3d at 404. "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)). This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Korn*, 536 F. Supp. 2d at 1204-05.

3.      In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347-48 (1977) (superseded on other grounds); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998); *Korn*, 536 F. Supp. 2d at 1205 ("In measuring the

TYSON FOODS, INC.'S
NOTICE OF REMOVAL - 17

amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.") (citations omitted).

4.    Here, Plaintiff's FAC seeks recovery on several fronts, including damages for alleged "economic and noneconomic damages suffered by Plaintiff, reinstatement, pre and post judgment interest, tax setoff, reasonable attorney fees, costs and expenses." *See* FAC ¶ 46. While Tyson denies any and all liability, a conservative good faith estimate of the value of the alleged damages placed at issue through Plaintiff's claims makes clear that the amount-in-controversy in this case exceeds $75,000, exclusive of interest and costs.

5.    *Economic Damages*. Plaintiff specifically seeks to recover "economic … damages … permitted by law". *See* FAC ¶ 46. Lost earnings and benefits are included in the amount-in-controversy calculation. *See, e.g.*, *Melendez v. HMS Host Family Rest., Inc.*, 2011 WL 3760058, at *2 (C.D. Cal. Aug. 25, 2011) (including projected lost wages from date of alleged adverse employment action to anticipated date of judgment in amount-in- controversy calculation); *Rivera v. Costco Wholesale Corp.*, 2008 WL 2740399, at *3 (N.D. Cal. July 11, 2008) (considering "lost wages and benefits [that] may accrue" after removal).

TYSON FOODS, INC.'S
NOTICE OF REMOVAL - 18

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone:  206-693-7057 | Fax: 206-693-7058

6.      Here, Plaintiff's employment was terminated on June 27, 2025—more than six months ago. At the time of her separation, Plaintiff earned a bi-weekly salary of around $5,384. Multiplied over the six months since her separation date, Plaintiff's claim for past wages alone totals more than $64,608.00 (approximately 12 bi-weekly paychecks x $5,384) in controversy in this action. If judgment were entered after a trial to be held one year from the date of this removal, those back wages could increase by another $129,216.00.

7.      Plaintiff also seeks future lost wages, which courts generally calculate to a date one year from the filing of the Complaint. *See, e.g.*, *Melendez*, 2011 WL 3760058, at *2; *Rivera*, 2008 WL 2740399, at *1, 3. These front-pay projections would increase the amount in controversy associated with Plaintiff's claimed economic damages by another $130,000, give or take. Thus, at a conservative estimate, at least $194,608.00 has been placed in controversy, alone meeting the jurisdictional threshold.

8.      *Noneconomic Damages.* In addition to alleged lost earnings, Plaintiff vaguely seeks recompense for "noneconomic damages" without specifying what these are. *See* FAC ¶ 46. In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress and special damages. *Hunt*, 432 U.S. at 347–48; *Galt G/S*, 142 F.3d at 1155–56. Indeed, courts have held that such allegations alone are sufficient to satisfy the amount-in-controversy

TYSON FOODS, INC.'S
NOTICE OF REMOVAL - 19

requirement. *See Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 776 (W.D. Ky. 2002) (where plaintiff sought damages for embarrassment, humiliation, and willful, malicious and outrageous conduct, the court held that the defendant could "easily make the case that the claims are more likely than not to reach the federal amount in controversy requirement").

9.      A Court may estimate non-economic damages of $25,000 in employment cases for purposes of calculating the amount in controversy. *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (a district court may estimate that emotional distress damages in employment action "would add at least an additional $25,000" to plaintiff's claim).

10.      Washington juries award successful plaintiffs far greater than $25,000 for their emotional harm; therefore, it is a fair estimate of jury behavior. *See, e.g.*, *Matson v. United Parcel Servs., Inc.*, No. C10-1528-RAJ, 2019 WL 652363, at *1 (W.D. Wash. 2019) ($500,000); *Campbell v. Catholic Cmty. Servs. of W. Washington*, No. C10-1579-JCC, 2012 WL 13020051, at *1 (W.D. Wash. 2012) ($275,000); *Strange v. Les Schwab Tire Centers of Washington, Inc.*, No. C06-0045-RSM, 2010 WL 11527269, at *1 (W.D. Wash. 2010) ($42,600 per plaintiff); *Chuong Van Pham v. City of Seattle, Seattle City Light,* 159 Wn.2d 527, 531–32, 151 P.3d 976, 978 (2007) ($80,000 for Plaintiff 1, and $40,000 for Plaintiff 2); *Blaney v. Int'l Ass'n of Machinists*

TYSON FOODS, INC.'S
NOTICE OF REMOVAL - 20

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone:  206-693-7057 | Fax: 206-693-7058

*And Aerospace Workers, Dist. No. 160,* 151 Wn.2d 203, 208, 87 P.3d 757, 759–60 (2004) ($75,000). *See also Passantino v. Johnson & Johnson Consumer Prods., Inc.,* 212 F.3d 493, 513 (9th Cir. 2000) (affirming a $1,000,000 employment discrimination verdict from the Western District of Washington).

11.    Accordingly, assuming Plaintiff is seeking emotional distress damages and without conceding that Plaintiff is entitled to any award of emotional distress or special damages, the relief she requests only increases the amount in controversy and helps to demonstrate that the action easily surpasses the $75,000 jurisdictional threshold.

12.    *Attorneys' Fees.* Finally, Plaintiff seeks an unspecified amount of "reasonable attorney fees". *See* FAC ¶ 46. Courts have held that an award of attorneys' fees, if such fees are authorized, may be considered for purposes of calculating the amount-in-controversy. *Galt G/S,* 142 F.3d at 1155-56 ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 698 (9th Cir. 2007) (stating that attorneys' fees are included in the calculation of the amount in controversy under 28 U.S.C. § 1332(a)). Here, Plaintiff alleges various claims under the WLAD, a statute that authorizes the recovery of reasonable attorneys' fees to prevailing litigants. *See*

TYSON FOODS, INC.'S
NOTICE OF REMOVAL - 21

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone:  206-693-7057 | Fax: 206-693-7058

RCW 49.60.030(2).

13.    Courts in the Ninth Circuit have estimated the number of hours for employment cases between 100 and 300 hours and have held that a reasonable attorney rate for employment cases is estimated at $300 per hour. *Adkins,* 293 F. Supp. 3d at 1148; *Garcia*, 2014 WL 2468344 at *5; *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB, 2015 WL 898468 at *6 (C.D. Cal. 2015). With a case of this scope and complexity, 150 hours is a reasonable estimate for billable attorney time through the end of trial, placing at minimum a further $45,000 at controversy.

14.    This is an extremely conservative estimate. Attorney fee awards range much higher in wrongful discharge cases. *See, e.g.*, *Bengtsson v. Sunnyworld International, Inc., Kong, and Yin*, JVR No. 1812270024 (King County 2018) ($331,038); *Quinn v. Everett Safe & Lock Inc.*, JVR No. 1503170028 (W.D. Wash. 2014) ($118,137); *Sawyer v. Automotive Equip. & Supply*, 2011 WL 7394632 (King County 2011) ($114,942.48).

15.    *Summary.* At bare minimum, Plaintiff has placed at least $264,608.00 in controversy, including claims for actual damages ($194,608.00), general damages ($25,000), and attorneys' fees, costs, and expenses ($45,000). This damages estimate is almost certainly low because it only considers actual damages for the time period between the termination of Plaintiff's employment and the filing of her Complaint, and

TYSON FOODS, INC.'S
NOTICE OF REMOVAL - 22

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone:  206-693-7057 | Fax: 206-693-7058

it utilizes low-end estimates for general damages and attorneys' fees. This lawsuit easily exceeds the $75,000 jurisdictional threshold for the amount that must be in controversy. 28 U.S.C. § 1332.

## V.  NOTICE TO PLAINTIFF AND BENTON COUNTY SUPERIOR COURT

16.  Contemporaneously with the filing of this Notice of Removal, Tyson will provide notice to Plaintiff through her attorneys of record, and Tyson will also file a copy of this Notice with the Benton County Superior Court, as required by 28 U.S.C. § 1446(d).

17.  Fraudulently joined defendants need not consent to removal though Tobias has consented in any event.

WHEREFORE, Tyson Foods, Inc., desiring to remove this case to the United States District Court for the Eastern District of Washington, prays that the filing of this Notice of Removal shall effect the removal of this action to this Court.

\\\

\\\

\\\

\\\

\\\

\\\

TYSON FOODS, INC.'S
NOTICE OF REMOVAL - 23

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone:  206-693-7057 | Fax: 206-693-7058

DATED this 23rd day of March 2026.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Per D. Jansen*
By: /s/ Nohl C. Speck
  Per D. Jansen, WSBA #49966
  Nohl C. Speck, WSBA #56889
  1201 Third Avenue, Suite 5150
  Seattle, WA  98101
  Telephone:  (206) 693-7057
  Facsimile:  (206) 693-7058
  Email: per.jansen@ogletree.com
      nohl.speck@ogletree.com

*Attorneys for Defendant Tyson Foods, Inc.*

TYSON FOODS, INC.'S
NOTICE OF REMOVAL - 24

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone:  206-693-7057 | Fax: 206-693-7058

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 23, 2026, I served the foregoing **DEFENDANT'S NOTICE OF REMOVAL** via the method(s) below to the following parties:

| | |
|---|---|
| Favian Valencia | John A. Raschko |
| Sunlight Law, PLLC | Miller Mertens & Comfort |
| 306 Holton Ave | PLLC |
| Yakima, WA 98902 | 1020 N. Center Parkway, Ste B |
| Phone: 509-388-0231 | Kennewick, WA 99336 |
| | Phone:  509-374-4200 |
| *Attorneys for Plaintiff* | |
| | *Attorneys for David Tobias* |

☒    by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐    by **mailing** a true and correct copy to the last known address of each person listed above.  It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Seattle, Washington.

☐    by **e-mailing** a true and correct copy to the last known email address of each person listed above.

SIGNED this 23rd day of March 2026 at Seattle, Washington.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: /s/ *Kristen Kulgren*
Kristen Kulgren, Practice Assistant
kristen.kulgren@ogletree.com

TYSON FOODS, INC.'S
NOTICE OF REMOVAL - 25