FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 02, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BARBARA CHAUDHARY,<br><br>Plaintiff,<br><br>v.<br><br>TYSON FOODS, INC., a foreign<br>for profit corporation; DAVID TOBIAS,<br><br>Defendants. | No. 4:26-CV-05038-RLP<br><br>ORDER GRANTING MOTION TO<br>REMAND |

Before the Court is Plaintiff Barbara Chaudhary's Motion to Remand, ECF No. 12, and Defendants' Motion to Dismiss, ECF No. 7. The motion was decided without oral argument. For the reasons discussed below, Ms. Chaudhary's Motion to Remand is granted. As the Court lacks jurisdiction over the case, Defendants' Motion to Dismiss is accordingly denied.

BACKGROUND

Defendant Tyson Foods, Inc. (Tyson) employed Ms. Chaudhary, a nurse, on two separate occasions – from 2010 until 2013, and from January 6, 2025, until

ORDER GRANTING MOTION TO REMAND * 1

June 27, 2025. ECF No. 1-3, ¶¶7-9, 11, 23. Tyson also employed Defendant David Tobias during both of Ms. Chaudhary's terms of employment. *Id*., ¶13. Ms. Chaudhary and Mr. Tobias are both residents of Washington. *Id*., ¶¶1, 3. Tyson is incorporated in Delaware and has its principal place of business in Arkansas. ECF No. 1 at 7.

Ms. Chaudhary filed a complaint[1] against Defendants in Benton County Superior Court on January 16, 2026. ECF No. 1-2. Ms. Chaudhary alleges:

5. Plaintiff is female and, at all times relevant, was over the age of 40 years old.

6. At all times relevant, Plaintiff performed her job while working for Defendant Tyson satisfactorily.

7. From 2010 through 2013, Plaintiff was employed by Defendant Tyson as a nurse.

8. In 2013, Plaintiff reported to Defendant Tyson that she was suffering workplace discrimination, harassment, and retaliation based on gender.

9. In 2013, Defendant Tyson ignored[] Plaintiff's complaints and constructively terminated Plaintiff.

10. In December 2023, Defendant Tyson recruited Plaintiff to leave her employment in the Seattle area and relocate to the Tri-Cities to accept a position as nurse manager, offering significant financial incentives, including full relocation assistance, and implying long term employment.

---

[1] Ms. Chaudhary filed a First Amended Complaint in Benton County Superior Court on March 6, 2026. ECF No. 1-3. This order will refer to this operative complaint simply as the "Complaint."

ORDER GRANTING MOTION TO REMAND * 2

Defendant Tyson also informed Plaintiff that the management staff from 2013 was no longer there and the workplace would be free of gender discrimination.

11.    Relying on Defendant Tyson's promises, Plaintiff accepted the offer and commenced employment on or about January 6, 2025.

12.    Plaintiff uprooted her life and her family from Seattle to move for this employment to Tri-Cities, Washington.

13.    At all times relevant hereto (including during 2025), Defendant David Tobias was Defendant Tyson's HR manager with authority to affect Plaintiff's work conditions, including, but not limited to, work assignments, pay rates, time off work, schedule and termination. Defendant Tobias also had authority to process plaintiff's complaints of harassment, discrimination, and retaliation.

14.    Upon her return to working for Defendant Tyson in January of 2025, Defendant Tobias even referenced Plaintiff's prior discrimination complaint from her earlier employment (2010-2013) and communicated, in substance, that he remembered it and had not forgotten that she had complained against him – conduct Plaintiff experienced as intimidation and retaliation for her protected activity.

15.    Throughout 2025, Plaintiff was again subjected by Defendants and Defendants' staff to negative comments and treatment regarding her age, gender and the prior discrimination complaints she had made in 2013.

16.    On, or about, February through June of 2025, Plaintiff reported this harassment and discrimination to Defendants.

17.    Defendants did not investigate, remediate, address or respond to Plaintiff's complaints. The harassment and discrimination continued.

18.    Throughout her employment in 2025, Plaintiff made good-faith reports to Defendants that a case manager was stealing company time and failing to perform her duties, which was harming injured workers and violating Washington State L&I and workers' compensation laws.

ORDER GRANTING MOTION TO REMAND * 3

19. Throughout her employment in 2025, Plaintiff engaged in protected activity by continually raising and reporting to Defendants serious, recurring workplace safety hazards to management and at safety meetings.

20. Tobias's conduct and omissions, including retaliatory intimidation regarding Plaintiff's prior compliant, repeated age-based comments, and failure to act after receiving complaints, aided and abetted and/or contributed to the discrimination, retaliation, and hostile work environment alleged herein.

21. Defendants subjected Plaintiff to heightened scrutiny and hostility after her protected reports and disclosures, and Plaintiff's whistleblowing activities were a substantial factor motivating Defendants' adverse actions against her, including the investigation and termination.

22. On June 11, 2025, Defendants removed Plaintiff from her position, put her on administrative leave, and investigated her for alleged patient violations.

23. On June 27, 2025, Defendant Tyson terminated Plaintiff's employment.

24. Defendant Tobias, as HR manager, participated and/or contributed to the decision to place Plaintiff in administrative leave, investigate her and terminate her.

25. Plaintiff's gender (female), age and complaints of harassment, discrimination, retaliation, whistleblowing activity, and violation of the Washington State Law Against Discrimination (WLAD), were a substantial factor in Defendants' decision to terminate Plaintiff.

26. Defendants gave more favorable treatment to male employees, employees under the age of 40, employees who did not complain of WLAD violations and employees that did not engage in whistleblowing activities, which included, but is not limited to not being terminated.

27. Defendants are covered employers for the purposes of WLAD.

28. Plaintiff is covered by the protections of WLAD.

ORDER GRANTING MOTION TO REMAND * 4

ECF No. 1-3 at 3-5.

Ms. Chaudhary asserts claims against Tyson and Mr. Tobias under Washington's Law Against Discrimination (WLAD), ch. 49.60 RCW, for gender discrimination, hostile work environment, and retaliation.[2] *Id*. at 6.

On March 23, 2026, Defendants filed a notice of removal to this Court on the basis of diversity jurisdiction. ECF No. 1. In the notice, Defendants assert Ms. Chaudhary fraudulently joined Mr. Tobias to the suit for the purpose of defeating diversity jurisdiction. *Id*. at 7-16. On March 25, Defendants moved under FRCP 12(b)(6) to dismiss all claims against Mr. Tobias, and to dismiss the WLAD, breach of contract, and promissory estoppel claims against Tyson. ECF No. 7.

Ms. Chaudhary filed a motion to remand on April 10, 2026. ECF No. 12. Ms. Chaudhary provided a declaration in support of her motion. ECF No. 12-1. In her declaration, Ms. Chaudhary provides additional facts as to her claims. *Id*. Concerning Mr. Tobias, she alleges he

> made repeated age-based comments about me and other female nursing staff. He referred to me and the other female nurses as "Golden Girls." He made comments about how old the nursing staff was and said things like we all should be retired. I heard these types of age related comments from Mr. Tobias at least ten times between January and June 2025.

---

[2] Ms. Chaudhary also asserts wrongful termination in violation of public policy, breach of contract, and promissory estoppel claims against Tyson only. *Id*. at 6-8.

ORDER GRANTING MOTION TO REMAND * 5

*Id.*, ¶¶13, 25. In a response declaration, Mr. Tobias denied having the authority to fire Ms. Chaudhary and denied involvement in her investigation, the decision to place her on leave, or her termination. ECF No. 17, ¶¶4, 7.

## MOTION TO STRIKE

In support of her reply, Ms. Chaudhary filed a supplemental declaration supplying additional details to her previous testimony and the allegations in her Complaint. ECF No. 18-1. Defendants ask the Court to strike this declaration for being legally improper.

Evidence submitted in support of a motion must generally be submitted with the motion, and evidence presented for the first time in a reply may be properly disregarded. *Musk v. OpenAI, Inc.*, 769 F. Supp. 3d 1017, 1026 (N.D. Cal. 2025). A district court may, at its discretion, consider new evidence filed in support of a reply if the adverse party had an opportunity to respond. *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1188 (9th Cir. 2024) (adverse party had opportunity to respond where new evidence raised five days before hearing and adverse party had opportunity to offer testimony and arguments at the hearing). However, evidence submitted in a reply in direct response to evidence raised in the opposition is not "new" and may properly be considered. *Terrell v. Contra Costa County*, 232 F. App'x 626, 629 n.2 (9th Cir. 2007).

The Court notes Ms. Chaudhary's supplemental declaration contains many

ORDER GRANTING MOTION TO REMAND * 6

allegations which directly rebut those of Mr. Tobias's response declaration, which is not "new" evidence. To the extent new evidence has been presented, Defendants had the opportunity to respond via sur-reply, where they raised their motion to strike. But most fundamentally, the Court finds the allegations of Ms. Chaudhary's supplemental declaration superfluous to the Court's decision on the Motion to Remand. Therefore, review of the relatively short declaration is harmless to Defendants. The Court declines to exercise its discretion to strike the supplemental declaration.

## STANDARD OF REVIEW

Under Article III, "[t]he judicial Power shall extend" to "[c]ontroversies ... between citizens of different States." U.S. Const. Art. III, § 2. Drawing from that authorization and beginning with the Judiciary Act of 1789, Congress has continuously permitted federal district courts "to exercise jurisdiction based on the diverse citizenship of parties." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467 (1996). "Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *GranCare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). Under the current federal statute governing diversity jurisdiction, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the

ORDER GRANTING MOTION TO REMAND * 7

sum or value of $75,000, exclusive of interests and costs and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

A defendant may remove a case originally filed in state court to federal district court, if the district court would have original jurisdiction. 28 U.S.C. § 1441(a). A plaintiff may seek remand of a removed action based on any defect in the removal, including lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore–Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." *Id*. (internal quotation marks omitted).

As subject matter jurisdiction is a threshold issue, the Court must first determine it has jurisdiction over a case before ruling on other pending motions. *See United Farm Workers v. Noem*, 785 F. Supp. 3d 672, 698 (E.D. Cal. 2025); *see also United States v. Sandwich Isles Commc'ns, Inc.*, 2019 WL 4017233, at *2 n.3 (D. Haw. Aug. 26, 2019) (declining to reach Rule 12(b)(6) motion as the Court determined it lacked subject matter jurisdiction to hear case).

## ANALYSIS

Plaintiff Chaudhary and Defendant Tobias are both residents of Washington. Usually, the absence of complete diversity of citizenship would deprive the Court

ORDER GRANTING MOTION TO REMAND * 8

of subject matter jurisdiction and require the case be remanded back to Washington state court. However, Defendants contend Mr. Tobias was fraudulently joined to defeat diversity jurisdiction.

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *GranCare*, 889 F.3d at 548. "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id*. (internal quotation marks omitted).

"[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). This standard is similar to, but more stringent than, the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *GranCare*, 889 F.3d at 549. To show fraudulent joinder, a defendant must show that pleading deficiencies in a complaint could not possibly be cured by granting leave to amend. *Id*. at 550. For example, fraudulent joinder exists where a claim against a defendant is barred by the statute of limitations, or where "a defendant presents extraordinarily strong evidence or

ORDER GRANTING MOTION TO REMAND * 9

arguments that a plaintiff could not possibly prevail on her claims against the allegedly fraudulently joined defendant." *Id*. at 548.

Defendants contend there is no possibility the Complaint states a cause of action against Mr. Tobias. The Court disagrees.

Defendants' arguments opposing the motion to remand fail to take into account the applicable legal standard. The applicable inquiry here is whether there is any possibility Ms. Chaudhary could state a claim against Mr. Tobias. This standard is more stringent than the standard for a Rule 12(b)(6) motion, and any doubts must be resolved in favor of remand.

Defendants present convincing arguments that the Complaint does not plausibly allege WLAD gender discrimination and hostile work environment claims, as her supporting allegations are largely conclusory and vague. However, the fact the Complaint does not *plausibly* allege these claims does not mean they are not *possible*. It is entirely possible that, if provided leave to amend, Ms. Chaudhary could allege additional facts fleshing out her Complaint.

To the extent that Defendants dispute the veracity of the Complaint's allegations – for example, that Mr. Tobias lacked authority to fire Ms. Chaudhary – such arguments go to the merits of the case. It would be inappropriate for the Court to rule on such a dispute from its current posture. *See GranCare*, 889 F.3d at 548-49 (Ninth Circuit has "declined to uphold fraudulent joinder rulings where a

ORDER GRANTING MOTION TO REMAND * 10

defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal.").

Moreover, Ms. Chaudhary's retaliation claim alone defeats Defendants' fraudulent joinder argument, as her Complaint adequately states such a claim against Mr. Tobias.

Under WLAD, an employer may not retaliate against an employee "because he or she has opposed any practices forbidden by this chapter, or because he or she has filed a charge, testified, or assisted in any proceeding under this chapter." RCW 46.60.210(1). A prima facie WLAD retaliation claim requires a showing that "(1) the employee took a statutorily protected action, (2) the employee suffered an adverse employment action, and (3) a causal link between the employee's protected activity and the adverse employment action." *Cornwell v. Microsoft Corp.*, 192 Wn.2d 403, 411, 430 P.3d 229 (2018).

Ms. Chaudhary alleges she reported harassment and discrimination on the basis of age and gender to Defendants. ECF No. 1-3 at 4, ¶¶15-16. She alleges Mr. Tobias referenced her 2013 discrimination complaint in an intimidating fashion.[3]

---

[3] The applicable statute of limitations does not bar the retaliation claim. Ms. Chaudhary does not appear to base her retaliation claim, or any other claim, on her 2013 complaint or actions occurring during her first term of employment with Tyson

ORDER GRANTING MOTION TO REMAND * 11

*Id.*, ¶14. She then alleges her prior complaints and retaliation were substantial factors in Defendants' decision to terminate her. *Id*. at 5, ¶25. These allegations are sufficient to give rise to an inference of liability. *See Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1050 (9th Cir. 2012). As Defendants fail to show there is no possibility that Ms. Chaudhary could plausibly state a retaliation claim against Mr. Tobias, their fraudulent joinder argument likewise fails. *See Sessions v. Chrysler Corp.*, 517 F.2d 759, 761 (9th Cir. 1975) (granting motion to remand where claim against allegedly fraudulently joined defendant sufficient to withstand a dismissal motion under FRCP 12(b)(6)).

     As there is no complete diversity of citizenship in this case, the Court lacks subject matter jurisdiction. Absent jurisdiction, the Court cannot rule on the merits of Defendants' Rule 12(b)(6) motion to dismiss. Defendants' motion is therefore denied.

---

from 2010-13. Rather, allegations from this time period are provided for context. Mr. Tobias allegedly made his comment referencing the 2013 complaint in February 2025. Ms. Chaudhary was terminated on June 27, 2025. As the statute of limitations for WLAD claims is three years, *Antonius v. King County*, 153 Wn.2d 256, 261, 103 P.3d 729 (2004) (citing RCW 4.16.080(2)), and the Complaint was filed on January 16, 2026, the retaliation claim is clearly within the applicable period of limitations.

ORDER GRANTING MOTION TO REMAND * 12

**Accordingly, IT IS ORDERED:**

1.    The Motion to Remand, **ECF No. 12,** is **GRANTED**.

2.    This case is hereby **REMANDED** to the Benton County Superior Court for all further proceedings.

3.    The Motion to Dismiss, **ECF No. 7**, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, furnish copies to counsel, mail a certified copy to the Clerk of the Benton County Superior Court, and **CLOSE** the file.

DATED June 2, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO REMAND * 13